# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRIA N. BRUMBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-0013-RLW |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 29). Defendant does not contest the motion. (ECF No. 31). For the reasons below, the Court will award Plaintiff attorney's fees in the amount of $6,692.21.

This Court entered its Order and Judgment on January 5, 2022 (ECF Nos. 27 & 28) reversing the decision of the Commissioner on Plaintiff's claims and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff has now moved for attorney's fees and for payment to be made in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) to either Plaintiff or Plaintiff's attorney, depending on whether Plaintiff has an outstanding debt owed to the federal government. Under the EAJA, 20 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing Social Security or Supplemental Security Income claimant unless the Commissioner meets the burden of proof that Social Security's position was substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The statutory ceiling for an EAJA fee award is $125.00 per hour, unless the Court determines that an increase is justified by a special factor—such as limited availability of qualified attorneys—or there has been an increase in the cost of living and the increased hourly rate is in line with those prevailing in the legal community for similar services by lawyers of comparable skill and experience, as established by the United States Department of Labor's Consumer Price Index ("CPI") and an affidavit. 28 U.S.C. § 2412(d)(2)(A); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Plaintiff's attorney has submitted a request to be reimbursed in the amount of $6,692.21, which represents 29.9 hours of attorney time at a rate of $223.82 per hour. Plaintiff's attorney requests that the hourly rate available under the EAJA of $125.00 be increased based upon the CPI and the prevailing rate in this community, as supported by a CPI exhibit in support of the Motion and a sufficient affidavit regarding market rates. The Court finds the requested hourly rate adjustment is authorized by the EAJA based on Plaintiff's submission of supporting information.

This Court has reviewed the itemized time Plaintiff's attorney submitted in support of Plaintiff's motion, and finds the number of hours reasonable. As a result, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $6,692.21, representing 29.9 hours of attorney time at an hourly rate of $223.82.

Plaintiff's motion requests that the fee award be paid directly to Plaintiff's counsel pursuant to an assignment attached as Exhibit 3, but only if Defendant verifies that Plaintiff does not owe a debt to the United States that is subject to offset. Otherwise, Plaintiff's motion requests that the fee award be offset, with the remainder made payable to Plaintiff but nevertheless mailed to Plaintiff's attorney.

The EAJA requires that the attorney's fee award be awarded to the prevailing party—here, the Plaintiff—not the party's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term

"prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney's fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned his right to the award to his attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (ECF No. 29) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff Alexandria N. Brumbaugh attorney's fees in the amount of $6,692.21, subject to any pre-existing debt that Plaintiff owes the United States. The check should be mailed to Plaintiff's counsel David D. Camp, Access Disability, LLC, 1215 Fern Ridge Parkway, Suite 101, St. Louis, Missouri 63141.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of February, 2022.